## STATE of Wisconsin EX REL. Thomas R. MORKE, Petitioner-Appellant,

### v.

## WISCONSIN PAROLE BOARD, Respondent.†

### Court of Appeals

*No. 88–0896. Submitted on briefs October 10, 1988.—Decided December 15, 1988.*

(Also reported in 434 N.W.2d 824.)

    For the petitioner-appellant the cause was submitted on the briefs of *Thomas R. Morke,* pro se, of Fox Lake.

---

† Petition to review denied.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *John J. Glinski,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. Thomas Morke, a former inmate, appeals from an order dismissing his action for mandamus pursuant to sec. 19.37(1)(a), Stats., to compel production of the public records used to determine his parolability by the Wisconsin Parole Board. The issue is whether on the facts before us mandamus lies to compel production of the records. Because Morke has a certiorari action pending to review his parole denial, and a return was made in that action, we conclude the trial court did not abuse its discretion by dismissing the mandamus action. We therefore affirm.

On June 25, 1987, pursuant to Wis. Adm. Code sec. HSS 30.05(3)(c) and sec. 19.35, Stats., Morke wrote to the board and requested access to all documentary information to be used at his July 16, 1987 parole hearing.[1] The board failed to comply with Morke's request and later denied his parole application. On November 13, 1987, Morke petitioned the circuit court for mandamus to compel the board to comply with his records request, pursuant to sec. 19.37(1), Stats.

Two weeks later, Morke petitioned the Dane county circuit court for certiorari review of the board's decision denying him parole. The writ of certiorari issued December 7, 1987, and directed the board to

---

[1]Wisconsin Adm. Code sec. HSS 30.05(3)(c) provides in relevant part that "[t]he inmate [being considered for parole] shall have access to the documentary information considered by the assigned board member of members . . . ." Section 19.35(1)(a), Stats., provides that "[e]xcept as otherwise provided by law, any requester has a right to inspect any record."

return to the court copies of all information used in the board's decision denying Morke's parole and to serve a complete copy of the return on Morke. The board complied with both directions. The certiorari action is pending.

The board then moved to dismiss the mandamus action, arguing that mandamus did not lie because Morke had an adequate remedy in the pending certiorari. The court granted the board's motion.

Section 19.37(1), Stats., designates mandamus as a remedy for failure to grant access to public records, stating in relevant part:

> If an authority withholds a record or a part of a record or delays granting access to a record or part of a record after a written request for disclosure is made, the requester may pursue either, or both, of the alternatives under pars. (a) and (b).
>
> (a) The requester may bring an action for mandamus asking a court to order release of the record. ...
>
> (b) The requester may, in writing, request the district attorney of the county where the record is found, or request the attorney general, to bring an action for mandamus asking a court to order release of the record to the requester.

When, as here, the legislature designates a particular common law remedy, settled common law principles governing the availability of the remedy attach to it. At common law, mandamus lies within the sound discretion of the trial court. *Galuska v. Kornwolf,* 142 Wis. 2d 733, 737, 419 N.W.2d 307, 309 (Ct. App. 1987). The prerequisites for mandamus consist of (1) a clear legal right; (2) a positive and plain duty; (3) substantial damages; and (4) no other adequate remedy. *Law*

*Enforce. Stds. Bd. v. Lyndon Station,* 101 Wis. 2d 472, 494, 305 N.W.2d 89, 99 (1981).

Certiorari provided Morke with an adequate remedy. The writ of certiorari directed the board to serve on Morke a complete copy of the records, transcripts and rules utilized by the board in its decision to deny Morke's parole application. The board complied with the writ.[2] Because Morke has received copies of the same records through certiorari that he would have received through mandamus, the trial court did not abuse its discretion in dismissing the mandamus action.

For the reasons stated, the order must be affirmed.

*By the Court.*—Order affirmed.

---

[2]The only document excluded from Morke's copy of the return was the presentence investigation report. That report may not be made available to an inmate except upon specific authorization of the court. Sec. 972.15(4), Stats. A writ of certiorari or mandamus is not such an authorization.