Larry GEORGE, Petitioner-Appellant,

v.

RECORD CUSTODIAN, Respondent-Respondent.

Court of Appeals

*No. 91–1065. Submitted on briefs November 6, 1991.—Decided May 28, 1992.*

(Also reported in 485 N.W.2d 460.)

For the petitioner-appellant the cause was submitted on the brief of *Larry George,* pro se, of Waupun.

For the respondent-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Alan Lee,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Larry George, an inmate of a Wisconsin correctional institution at Waupun, appeals from an order quashing a writ of mandamus directed to the record custodian at the Department of Justice and dismissing his petition for the writ. We affirm in part and reverse in part and remand for further proceedings.

The record custodian at the Department of Justice denied George's three requests made under the open records law, secs. 19.31–19.39, Stats. George sought mandamus ordering release of the requested records, one of the remedies available to a requester under sec. 19.37(1)(a), Stats., or, in the alternative, that the custodian show cause why release should not be ordered. The court issued the writ. The custodian chose the show-cause alternative, and made her return to the writ setting forth the reasons she gave to George for denying each request. The custodian did not submit the records to the court.

George's requests related to notices of claims served on the attorney general under sec. 893.82(3), Stats.[1] The purpose of such notices is to permit the attorney general to investigate claims which may result in judgments pay-

---

[1] Section 893.82(3), Stats., provides in relevant part:

[N]o civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim. . . .

able by the state under the indemnity provisions of sec. 895.46, Stats. *Ibrahim v. Samore,* 118 Wis. 2d 720, 726, 348 N.W.2d 554, 558 (1984).

A requester need not give a reason for his or her request to inspect a public record. Section 19.35(1)(i), Stats. However, George tells us that he wants the records pertaining to notices of claims because he proposes to show that the attorney general and deputy are not following sec. 893.82, Stats.

The trial court dismissed the petition for mandamus because the investigation of claims against the state involves the attorney/client privilege, and the public interest in maintaining the confidentiality of information gathered in anticipation of litigation outweighs the public interest in disclosure. The court said that disclosure would defeat the orderly process of litigation and would hinder the state in the defense of its employees.

■

The ultimate decision whether to grant mandamus lies within the sound discretion of the trial court. *State ex rel. Morke v. Wisconsin Parole Bd.,* 148 Wis. 2d 250, 252, 434 N.W.2d 824, 825 (Ct. App. 1988). If, however, the custodian denies an open records law request which is otherwise proper, the court must determine whether the custodian gave reasons for that decision with the specificity required by sec. 19.35, Stats., and the case law. If that specificity exists, the court must decide whether the custodian's reasons are sufficient to outweigh the strong public policy favoring disclosure. *Journal/Sentinel, Inc. v. AAGERUP,* 145 Wis. 2d 818, 821-22, 429 N.W.2d 772, 773 (Ct. App. 1988). Answering the second question may require preliminary and *in camera* examination by the trial court of the record sought to be inspected. *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 682-83, 137 N.W.2d 470, 475 (1965). If

that specificity does not exist or if the reasons given fail to outweigh the public policy favoring that disclosure, the court should order release under sec. 19.37(1), Stats.

## FIRST REQUEST

On September 22, 1990, George requested disclosure of data. He asked for the number of claims the department received in 1988, 1989 and 1990, the number it settled without litigation as a direct result of notices of claims and the number it disallowed in the same period. The custodian refused to provide the data on grounds that the department had no document providing that information and the open records law does not require the creation of a new record by extracting information from existing records to satisfy a request.

The trial court properly dismissed the petition with respect to George's first request. The open records law affords the right to inspect and make or receive a copy of a "record." Section 19.35(1)(b), Stats. " 'Record' means any material on which . . . information is recorded or preserved. . . ." Section 19.32(2), Stats. A nonexistent record cannot be inspected or copied. The open records law does not require the custodian to collect or compile statistics or create a record for the benefit of a requester.

## SECOND REQUEST

On October 10, 1990, George requested a copy of each notice of claim served on the attorney general in 1989, a copy of "any documents and/or letters regarding investigation, payment, disallowance and all other documents/letters regarding any notice of claims that were filed in 1989," and a copy of such documents relating to George's notices of claims he had served on the attorney

general in 1989 and 1990. George requested that the custodian's fees be waived.

The custodian replied that in 1989 the attorney general had received 588 notices of claims, many of which consisted of multiple pages, and complying with George's request would require the full-time services of one person for three days. The custodian required an advance payment of $240 from George before she would begin the work. When photocopying the records was completed George would have to pay ten cents per page plus postage. The custodian refused to furnish copies of the items George requested regarding his own notices for the reason that they pertained to investigations by the attorney general as part of the litigation process and are privileged under the attorney/client privilege.

The trial court properly dismissed the petition as to that part of George's second request not involving his own notices of claims. Section 19.35(3), Stats., authorizes imposing a fee on the requester for the "actual, necessary and direct cost" of locating, reproducing, mailing and shipping a copy of a record. Prepayment may be required if the total exceeds $5. Section 19.35(3)(f), Stats. George does not allege in his petition that he made the prepayment and agreed to make the other payments.

George claims that he is indigent. The public records law confers no exemption as of right on indigents from payment of the fees. The custodian could have provided copies without a charge or reduced the charge if the custodian determined that waiver or reduction of the fees was in the public interest. Section 19.35(3)(e), Stats. The department declined to do so because of the great expense in meeting George's request. George did not challenge the reasonableness of the required prepayment. The custodian did not abuse her discretion.

The custodian having given a separate reason for denying George's request regarding his own notices of claims, we infer that the cost of compliance without a prepayment is not the reason for denying that part of his request. We therefore apply the standard analysis, first determining whether the custodian's denial was made with the required specificity and, if it was, whether the reasons given outweigh the strong public policy favoring disclosure. *Journal/Sentinel,* 145 Wis. 2d at 821–22, 429 N.W.2d at 773.

To the extent George's request pertained to notices of his own claims which are pending, the custodian's response with regard to litigation was sufficiently specific. As the trial court put it, compelling that disclosure could hinder the attorney general's representation of the state or individuals on pending claims should litigation result. Whether that reason outweighs the policy in favor of disclosure is a question of law. *Id.* at 825, 429 N.W.2d at 775. We conclude it does. If George wants the records for his own litigation, the statutes allow him to pursue discovery for that purpose. Section 804.01, Stats. The court in which the litigation is brought can fine-tune the breadth of discovery by orders protecting both George and the state. Section 804.01(3), Stats.

However, disclosure regarding George's own claims that are no longer pending would not hinder the attorney general's representation. Closed files used by a prosecutor in a criminal action have been held to be "exempt from public access" under the open records law. *State ex rel. Richards v. Foust,* 165 Wis. 2d 429, 430, 477 N.W.2d 608, 608 (1991). The prosecutor's file may "contain historical data leading up to the prosecution which may be in the form of anonymous statements, informants' state-

ments, or neighborhood investigations at the scene of the crime—all of which are to be protected if continuing cooperation of the populace in criminal investigations is to be expected." *Id.* at 435, 477 N.W.2d at 610. Those considerations do not apply to the attorney general's closed files on investigations of civil claims under sec. 893.82(3), Stats.

Nevertheless, if a document pertaining to a non-pending claim involves a communication to the attorney general covered by the attorney/client privilege, the communication cannot be disclosed without the client's consent. The privilege belongs to the client rather than the attorney, *Swan Sales Corp. v. Joseph Schlitz Brewing Co.,* 126 Wis. 2d 16, 31–32, 374 N.W.2d 640, 648 (Ct. App. 1985), and closing a claim file does not eliminate the confidentiality of the client's communication.

The trial court must make a determination regarding the attorney/client privilege where it is claimed to exist with respect to the documents pertaining to George's non-pending claims. The trial court should order the custodian to produce the documents pertaining to George's non-pending claims and then make an *in camera* inspection of specific documents claimed to include privileged communications to determine whether the claim is accurate. The court should order all documents not including such a communication released to George.[2]

---

[2]This may require deleting privileged material from a document and then releasing the edited document. Section 19.36(6), Stats., provides:

If a record contains information that may be made public and information that may not be made public, the authority having custody of the record shall provide the information that may be made public

## THIRD REQUEST

On October 16, 1990, George made his third request, this time for

> a copy of any documents that regard notice of claims that have been filed in 1988 and 1989, including documents that relate to whether an investigation into the claim is conducted, the result of any investigation that might have been conducted, and any documents that relate to any claims that were paid in 1988 and 1989.

The custodian denied George's request because the documents related to litigation and came within the attorney/client privilege against disclosure.

George's third request duplicates the second request as to 1989. The custodian's response refers to her earlier responses and was made only fourteen days after she refused to waive the fees and costs of complying with the second request. We infer that the response to the third request incorporates the same fee prepayment requirements of the second response. As we have said, the custodian can properly withhold the requested documents until George tenders a fee prepayment and agrees to pay the cost of copying and mailing.

We have already held that records relating to pending claims need not be disclosed. Records relating to non-pending claims must be disclosed unless an *in camera* inspection reveals that disclosure would breach the attorney/client privilege. The trial court should issue the writ covering non-pending claims for 1988 and 1989, inspect the records for privileged communications

and delete the information that may not be made public from the record before release.

claimed to exist, and release to George copies of all documents not including such a communication.

*By the Court.*—Order affirmed in part and reversed in part and remanded for further proceedings.