ARMADA BROADCASTING, INC., a Wisconsin corporation, Plaintiff-Respondent,

v.

Robert E. STIRN, District Administrator, School District of Wisconsin Dells, a municipal corporation, Defendants-Respondents,

Richard SCHAUF, Appellant.†

Court of Appeals

*No. 92–3036. Submitted on briefs March 11, 1993.—Decided May 20, 1993.*

(Also reported in 501 N.W.2d 889.)

†Petition to review granted.

For the appellant the cause was submitted on the brief of *Carol Grob* of *Cullen, Weston, Pines & Bach* of Madison.

For the plaintiff-respondent, Armada Broadcasting, Inc., the cause was submitted on the brief of *Richard W. Cross* of *Cross Law Offices* of Wisconsin Dells.

On behalf of the defendants-respondents, Richard E. Stirn and School District of Wisconsin Dells, no brief was filed.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Michael Schauf is a teacher employed by the school district of Wisconsin Dells. He appeals from an order denying his petition to intervene in an action brought by Armada Broadcasting for a writ of mandamus directed to the district and Robert Stirn, the district administrator, under Wisconsin's Open Records Law, secs. 19.31–19.39, Stats. The issues are whether the appeal is moot and Schauf has a legally protected interest in the mandamus action. We conclude that the issues are not moot but Schauf lacks that interest. We therefore affirm.

Armada sought mandamus to compel the district and Stirn to permit Armada to inspect and copy a report to the district and Schauf's grievance against the district. Armada alleged that the district hired attorney Ann Weiland to investigate complaints of sexual harassment at the Wisconsin Dells Senior High School. In July or August 1992, at a closed meeting of the school board, Weiland presented a final report of her investigation. In late September 1992, Armada made a request under sec. 19.35, Stats., to inspect and copy Weiland's report.[1] Stirn, the custodian of the dis-

---

[1] Section 19.35(1), Stats., provides in substance that any requester has a right to inspect and to make or receive a copy of any public record.

trict's records, denied access to the report. In October 1992, Armada requested that the district provide copies of the grievances Schauf and another employee had filed in connection with the investigation. Stirn denied that request. Armada asserts that because the district and Stirn have violated sec. 19.35 in various respects, Armada is entitled to mandamus of the records it seeks.[2]

Schauf moved to intervene as a defendant in Armada's mandamus action on grounds that he is a proper party and will be prejudiced if the matter proceeds to judgment without his participation. He claims an interest in the action and its outcome because disclosure of the Weiland report and his grievance violate his right to privacy in his personnel files and will prejudice his rights in his pending grievance against the district. He asserts that he has standing to intervene as a matter of right and no party before the court can fairly represent his interest. He also asserts that he is a member of the Wisconsin Education Association Council (WEAC) and relies on WEAC's reasons in its separate motion to intervene. WEAC claimed an interest because it represents an association of teachers employed by the district and the teachers have an interest in protecting disclosure of their personnel files. The trial court denied Schauf's motion, and by separate order, the court denied WEAC's motion. Schauf has appealed from the order denying his petition. WEAC has not appealed.

After Schauf appealed, the trial court ordered release of parts of the Weiland report. We stayed further proceedings in the trial court, pending disposition

---

[2] Section 19.37(1)(a), Stats., provides that if the custodian of a public record withholds it, the requester may bring an action for mandamus to obtain its release.

of Schauf's appeal. Our stay saves Schauf's appeal from mootness. If he prevails on appeal, he must be given an opportunity to be heard before the court may release the records to Armada. We therefore review the merits of his appeal from the order denying his motion to intervene.

Section 803.09(1), Stats., provides that

> anyone shall be permitted to intervene in an action when the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties.

If the elements of sec. 803.09, Stats., are satisfied, and intervention will not unduly prejudice the adjudication of the original parties' rights, intervention must be permitted as of right. *C.L. v. Edson*, 140 Wis. 2d 168, 175, 409 N.W.2d 417, 419 (Ct. App. 1987). The person seeking to intervene must have a legally protected interest sufficiently related to the subject of the action to justify intervention as a matter of right. *State ex rel. Bilder v. Township of Delavan*, 112 Wis. 2d 539, 547, 334 N.W.2d 252, 257 (1983). Whether intervention must be permitted and the sufficiency of the movant's interest are questions of law which we decide *de novo. Id.* at 549, 334 N.W.2d at 258.

Schauf lacks a legally protected interest in closing the Weiland report and his grievance from public access. Unless the law otherwise provides, the custodian of a public record decides whether to grant or deny

public access to it, subject, of course, to judicial review. Section 19.35(1), Stats. "[I]t is the legal custodian of the record, not the citizen, who has the right to have the record closed if the custodian makes a specific demonstration that there is a need to restrict public access at the time the request to inspect is made." *Bilder,* 112 Wis. 2d at 558, 334 N.W.2d at 262. In *Wisconsin State Journal v. University of Wisconsin-Platteville*, 160 Wis. 2d 31, 465 N.W.2d 266 (Ct. App. 1990), a university dean and his wife desired to intervene in a mandamus action a newspaper brought to obtain the report of the university's investigation regarding alleged wrongdoing by the dean and his wife. When affirming the trial court's order denying their intervention, we relied on *Bilder* for our conclusion that the dean and his wife had "no legal interest" in the mandamus action. *Wisconsin State Journal,* 160 Wis. 2d at 43, 465 N.W.2d at 271. We also said, "By accepting appointment as dean of a department of a state university, [the dean] voluntarily took a position of public prominence. He has, for the most part, relinquished his right to keep confidential activities directly related to his employment." *Id.* at 41, 465 N.W.2d at 270.

Schauf claims that his position as a high school teacher is not one of public prominence and he has not waived his right to keep his personnel records confidential. Even if Schauf correctly characterizes his position, that does not confer on him a legally protected interest justifying his intervention as of right in the mandamus action.

Section 19.35(1)(a), Stats., provides that the right to inspect applies "[e]xcept as otherwise provided by law" and "[s]ubstantive common law principles construing the right to inspect . . . shall remain in effect." Schauf asserts that sec. 103.13(6), Stats., recognizes

his right of privacy in his personnel records. We disagree. Section 103.13(6) provides:

> The right of the employe or the employe's designated representative . . . to inspect his or her personnel records does not apply to:
>
> . . . .
>
> (e)   Information of a personal nature about a person other than the employe if disclosure of the information would constitute a clearly unwarranted invasion of the other person's privacy.

That statute pertains to the right of an employee or the employee's representative to inspect the employee's own personnel record. It has nothing to do with a third party's inspection of the employee's personnel record.

Schauf finds a right to privacy in another statute, sec. 230.13, Stats., which, he says, provides that personnel records of state employees are "closed records." Section 230.13 does not provide that personnel records are "closed." It provides that the secretary and administrator of the department of employment relations "*may* keep records of the following personnel matters closed to the public . . . ." (Emphasis added.) The decision is left to the discretion of the secretary and the administrator, not the employee.

Schauf asserts that *Village of Butler v. Cohen*, 163 Wis. 2d 819, 472 N.W.2d 579 (Ct. App. 1991), "strongly suggests" that the person who has not relinquished his privacy right may assert it to prevent disclosure of personnel records. We disagree. We said in *Butler* that although public policy favors liberal access to public records, the record custodian must balance the public's right of inspection against the public interest in nondisclosure. *Id.* at 825, 472 N.W.2d at 581. We described sec. 103.13, Stats., as "indicative of our state's public policy of protecting an individual's privacy and reputa-

278

tional interests even to the extent that certain employee matters may be closed to inspection to the employee himself or herself." *Id.* at 831, 472 N.W.2d at 584. We cited ch. 230, Stats., governing state employment relations, as providing another example of legislative recognition of the need for confidentiality in certain personnel matters. *Id.* at 830, 472 N.W.2d at 583.

We concluded "that the statutory provisions cited above indicate a legislative recognition of a public policy interest in generally denying access to the personnel files of police officers." *Id.* at 831, 472 N.W.2d at 584. We declared ourselves satisfied that the record custodians in *Butler* had "specifically established a public interest against disclosure which is of sufficient weight to override the presumption that the records should be released." *Id.* at 831–32, 472 N.W.2d at 584.

Nowhere in *Butler* did we suggest that either sec. 103.13 or sec. 230.13, Stats., is an exception "provided by law" to which the right of inspection does not apply by virtue of sec. 19.35(1)(a), Stats. Neither sec. 103.13 nor sec. 230.13 closes personnel records or gives an employee the right to demand closure. Each statute is an indication of a public policy favoring non-disclosure but that is a policy for the record custodian to weigh against the public policy favoring disclosure.[3]

---

[3] We held in *George v. Record Custodian,* 169 Wis. 2d 573, 582, 485 N.W.2d 460, 464 (Ct. App. 1992), another public records case, that the attorney general could not disclose to a requester a record consisting of privileged communications made to it by its client. The reason for our holding was that an attorney may not disclose such communications without the client's consent. *Id.* Section 905.03(2), Stats., provides that the "*client* has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made

If common law prevents or limits disclosure, the custodian must comply with that law. That is the import of sec. 19.35(1)(a), Stats., which provides that substantive common law principles construing the right to inspect remain in effect. *State ex rel. Richards v. Foust*, 165 Wis. 2d 429, 433–34, 477 N.W.2d 608, 609–10 (1991). Schauf cites no common law rule closing personnel files or limiting their disclosure, and we are aware of none.

Schauf asserts that an individual's fundamental right to privacy includes "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). However, assuming that Schauf has a right of privacy in the material Armada proposes to examine, his right to privacy is not absolute. In *Whalen*, the Court said in *dicta* that while a threat to privacy is implicit in the vast amounts of information the government accumulates, disclosure of which can be potentially embarrassing or harmful to individuals, the scheme before the court evidenced "a proper concern with, and protection of, the individual's interest in privacy." 429 U.S. at 605. So here. The Wisconsin case law and statutes regarding public records contain safeguards for individuals, in the sense that

---

for the purpose of facilitating the rendition of professional legal services to the client." (Emphasis added.) The attorney/client privilege described in sec. 905.03(2) is no mere evidentiary rule. It restricts professional conduct. It binds all lawyers, including the attorney general. Supreme Court Rule 20:1.6(a) (West 1992) provides, "A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, [with exceptions]." Schauf refers us to no common law or statutory privilege clothing him against disclosure of personnel records.

the custodian must balance the policy favoring disclosure against the policy of confidentiality in personnel records we described in *Butler*. Whether the custodian undertook the required balancing is subject to judicial review. What the *Bilder* court said of court records applies here: even if "there is a legal guarantee of present enjoyment of reputation or a general legislative policy to protect a citizen's general interest in his or her reputation," that does not as a matter of law overcome the public policy regarding open records. *Bilder*, 112 Wis. 2d at 557, 334 N.W.2d at 261.

Schauf claims that disclosure will affect his right to due process in the arbitration hearing on his grievance. He asserts that potential witnesses at the hearing and the arbitrator will be prejudiced by disclosed reports. While he has an interest in a fair arbitration hearing, that interest is not "sufficiently related to the transaction which is the subject of [this] action." *Id.* at 547, 334 N.W.2d at 257. Speculating that prejudice may occur in a separate action does not create a legally protected interest justifying intervention as of right in the present action.

Because Schauf has made no showing that he possesses a statutory or common law privilege to keep confidential any part of the Weiland report or his grievance, the trial court properly held that he lacks a protected interest in the mandamus action and therefore properly denied his petition to intervene.

*By the Court.*—Order affirmed.

SUNDBY, J. (*dissenting*). I express no opinion as to the merits of Armada Broadcasting's suit to compel the school district administrator to allow Armada to

inspect and copy the report filed by the attorney retained by the school district (the Weiland report). However, I conclude that Richard Schauf, who is admittedly one of the subjects of the Weiland investigation, has standing to intervene in this action. I therefore respectfully dissent.

Schauf does not invoke the trial court's discretion under sec. 803.09(2), Stats., to allow him to intervene. He claims that he has a right to intervene under sec. 803.09(1), Stats., which provides in part:

> Upon timely motion anyone shall be permitted to intervene in an action when the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties.

The application of this statute to a given set of facts is a question of law. *C.L. v. Edson*, 140 Wis. 2d 168, 175, 409 N.W.2d 417, 419 (Ct. App. 1987).

In *C.L.*, the Eau Claire Leader-Telegram sought access to sealed documents filed with the clerk of court. The newspaper began a mandamus action under sec. 19.37(1)(a), Stats., to compel disclosure of the sealed records. We affirmed the trial court's order requiring disclosure of edited versions of the sealed records. The court concluded that the newspaper's intervention motion had satisfied the following criteria:

> (1) that the movant demonstrate an interest relating to the property or transaction which is the subject of the action;

(2) that the ability of the movant to protect its interest will be impaired by the disposition of the original action;

(3) that the movant's interest will not be adequately represented by an original party to the action;

(4) that the motion to intervene be timely; and

(5) the intervention will not unduly prejudice adjudication of the original parties' rights.

*C.L.*, 140 Wis. 2d at 175, 409 N.W.2d at 419.

The school district does not object to Schauf's motion to intervene. Armada Broadcasting objects on the grounds that Schauf lacks a legally recognized interest in the subject matter of the litigation and to allow him to intervene would undermine the open records law. Armada Broadcasting relies on *State ex rel. Bilder v. Township of Delavan*, 112 Wis. 2d 539, 334 N.W.2d 252 (1983), and *Wisconsin State Journal v. University of Wisconsin-Platteville*, 160 Wis. 2d 31, 465 N.W.2d 266 (Ct. App. 1990).

When *Bilder* is confined to the question of the sufficiency of Schauf's interest, the case strongly supports Schauf's motion. The court affirmed a circuit court order permitting two newspapers to intervene in a suit by police chief Bilder against the Township of Delavan and several of its officers and employees. The newspapers contested Bilder's motion to seal pleadings and documents he filed in the action. Because Wisconsin's intervention statute is based on a federal rule of civil procedure, the court looked to cases and commentary relating to that rule for guidance in interpreting sec. 803.09(1), Stats. The court said:

> We agree with the broader, pragmatic approach to intervention as of right. In deciding whether to allow a party to intervene as a matter of

right, the court should view the interest sufficient to allow the intervention practically rather than technically. The court measures the sufficiency of the interest by focusing on the facts and circumstances of the particular case before it as well as the stated interest in intervention and analyzes these factors against the policies underlying the intervention statute.

The intervention statute attempts to strike a balance between two conflicting public policies. The original parties to a lawsuit should be allowed to conduct and conclude their own lawsuit; persons should be allowed to join a lawsuit in the interest of the speedy and economical resolution of controversies.

*Bilder,* at 548, 334 N.W.2d at 257 (citations omitted).

Schauf has been disciplined by the school district based on information contained in the Weiland report, and has grieved that disciplinary action. The trial court, which reviewed the Weiland report, stated that: "The report contains certain information that is clearly speculation. It contains some hearsay information and it contains some general statements for which there is and has been no corroboration." The court found that the information contained in the report could be harmful to the alleged victims and that "[t]o the extent that there is extreme contradiction in some of the information, it would cause harm to the persons against whom the complaints were made as to the specific details of the various incidents alleged."

The trial court therefore ordered disclosed only a portion of the report. The court's order may be appealed by Armada Broadcasting. In any event, as a practical matter, the report injures Schauf's reputational interests, which may not be protected by the records custodian.

The legislature has recognized that a public employee has an interest in maintaining the confidentiality of his or her personnel records. Section 19.35(1)(a), Stats., provides that the exemptions to the requirements of the open meeting law are indicative of public policy which may be used as grounds for denying public access to a record, if the custodian demonstrates that there is a need to restrict public access to that record. Section 19.85(1)(b), Stats., allows a governing body to hold a closed session for the purpose of investigating charges against a public employee. Other legislative recognition of the right of employees in personnel records is contained in secs. 103.13(6) and 230.13, Stats. I conclude that there is ample evidence the legislature intended to protect public employees' confidential personnel records.

Armada Broadcasting argues, however, that *Bilder* and *Wisconsin State Journal* stand for the proposition that "a custodian of public records is the only one who may seek to prevent disclosure of public records." In *Bilder* the supreme court said that "it is the legal custodian of the record, not the citizen, who has the right to have the record closed." *Id.* at 558, 334 N.W.2d at 262. The issue here, however, is not who has the ultimate right to decide whether to disclose a public record; the issue is whether a person whose interests are affected by that disclosure has a right to argue his or her position in litigation involving the disclosure of public records. When the *Bilder* court made the quoted statement, it had already allowed the newspapers to intervene to argue their position in favor of disclosure.

*Wisconsin State Journal*, also relied on by Armada Broadcasting, is inapposite. There, the university contended that the trial court had abused its discretion in failing to join faculty members who were the subject of

an ethics complaint and investigation. The issue in *Wisconsin State Journal* was whether the faculty members were necessary parties under sec. 803.03(1), Stats. All we said in rejecting the defendant's contention was that "[c]omplete relief can be afforded without the addition of the Al Yasiris as parties." *Id.* at 43, 465 N.W.2d at 271.

It is true that we also said in dicta: "Only the records custodian, not individuals who are the subjects of public records, may seek to prevent inspection." *Id.* However, our authority for that statement was the previously quoted statement from *Bilder*. *Bilder* does not support the proposition that only the records custodian may seek to prevent inspection of public records. All that *Bilder* will support is that it is the legal custodian of the record, not the citizen, who has the right to have the record closed. *Wisconsin State Journal*, therefore, does not stand for the proposition that a party who has the requisite interest as the subject of a public record may not intervene as a matter of right where the conditions for intervention are satisfied.

Because I conclude that Schauf has demonstrated an interest sufficient to entitle him to intervene in this action as a matter of right, I respectfully dissent.