VILLAGE OF BUTLER, a municipal corporation,
Plaintiff-Appellant,

v.

Barry S. COHEN, Defendant-Respondent.†

VILLAGE OF ELM GROVE, a municipal corporation,
Plaintiff-Appellant,

v.

Dudley A. WILLIAMS, Defendant-Respondent.†

Court of Appeals

*No. 90–1062. Oral argument January 15, 1991.—Decided June 19, 1991.*

(Also reported in 472 N.W.2d 579.)

† Petition to review denied.

On behalf of the plaintiffs-appellants there were briefs by *Linda de la Mora* and *Paul E. Alexy* of *de la Mora & de la Mora* of Elm Grove. There was oral argument by *Linda de la Mora.*

On behalf of the defendants-respondents there was a brief and oral argument by *Timothy J. O'Brien* of *William A. Pangman & Associates, S.C.* of Waukesha.

Before Nettesheim, P.J., Brown and Scott, JJ.

SCOTT, J. This declaratory judgment action involves the Public Records Law, secs. 19.31 through 19.39, Stats. The villages of Butler and Elm Grove appeal from an order denying their motion for summary judgment and compelling them to disclose certain police officer personnel files. The villages argue that the trial court failed to examine the public policy balancing test conducted by the record custodians. We agree. We reverse because public policy weighs in favor of nondisclosure.[1]

Attorneys Barry Cohen and Dudley Williams ("defendants" or "requesters") requested from the villages of Butler and Elm Grove, respectively, the personnel files of the police officers who had arrested two of their clients for driving while intoxicated.[2] Specifically,

---

[1] The trial court failed to apply the public policy balancing test to the facts of this case and normally we would remand to allow it to do so. However, because the balancing test is a question of law, *Journal/Sentinel, Inc. v. Aagerup,* 145 Wis. 2d 818, 825, 429 N.W.2d 772, 775 (Ct. App. 1988), it is unnecessary to remand this case.

[2] The defendants are attorneys for the law firm of William A. Pangman & Associates, which is a plaintiff in similar cases cur-

they requested from the files:

> any and all disciplinary actions taken or contemplated, including but not limited to, citizen complaints, reprimands, suspensions, and investigations; any and all performance reviews, whether for promotional purposes or otherwise.

The requests were made pursuant to sec. 19.35, Stats.

The villages released parts of the files but denied, in writing, most of the requested information. In refusing disclosure, both villages claimed that the harm from permitting access to the records outweighed the strong presumption in favor of public access to them. Both villages cited numerous justifications for their position. Then, pursuant to sec. 806.04, Stats., the villages asked the trial court to determine whether disclosure is mandated under the public records law. The two cases were consolidated upon stipulation of the parties and the villages moved for summary judgment.

Without reviewing the public policy balancing test the custodians had undertaken in making their determination to withhold the files, the trial court denied summary judgment because the villages did not state a clear statutory exception exempting police personnel files from disclosure. It also commented that, although this was not the issue before the court, the "better practice [would be] to have an *in camera* inspection of the file rather than complete disclosure." The trial court then ordered the villages to turn over the records to the

rently on appeal in District I Court of Appeals. The District I appeals involve several consolidated cases from the cities of Milwaukee, Wauwatosa and Glendale dealing with the same issue as in this case. The District I panel certified these cases to the Wisconsin Supreme Court. The certification was denied.

defendants, but stayed that portion of the order pending this appeal.

This case involves the application of the public records law to a set of undisputed facts. The application of a statute to a particular set of facts presents a question of law on which we owe no deference to the trial court's conclusions. *Oshkosh Northwestern Co. v. Oshkosh Library Bd.*, 125 Wis. 2d 480, 485, 373 N.W.2d 459, 462 (Ct. App. 1985).

The declared public policy of this state favors liberal access to public records. Section 19.31, Stats. Except as otherwise provided by law, any requester has a right to inspect any record, sec. 19.35(1)(a), Stats., or to make or receive a copy of any written record. Section 19.35(1)(b). The general presumption is that public records shall be open to the public unless there exists: (1) a clear statutory exception; (2) a common law limitation; or (3) an overriding public interest in keeping the public record confidential. *Hathaway v. Joint School Dist. No. 1*, 116 Wis. 2d 388, 397, 342 N.W.2d 682, 687 (1984).

When faced with a demand for inspection, the records custodian must balance the public's right of inspection against the public interest in nondisclosure. *Oshkosh Northwestern Co.*, 125 Wis. 2d at 483, 373 N.W.2d at 461. The denial to a written request must be in writing, sec. 19.35(4)(b), Stats., and must be accompanied by a statement of the specific public policy reason for the refusal. *Journal/Sentinel, Inc. v. Aagerup*, 145 Wis. 2d 818, 822, 429 N.W.2d 772, 774 (Ct. App. 1988). A primary reason for requiring the custodian to state specific policy reasons for refusal is to provide the court with a basis for its review. *Mayfair Chrysler-Plymouth,*

*Inc. v. Baldarotta,* 154 Wis. 2d 793, 798, 453 N.W.2d 922, 925 (Ct. App. 1990), *rev'd on other grounds,* 162 Wis. 2d 142, 469 N.W.2d 638 (1991). Although the custodian is not required to provide a detailed analysis of the record and why public policy directs that it must be withheld, *Aagerup,* 145 Wis. 2d at 823, 429 N.W.2d at 774, mere legal conclusions that a record is "confidential" or that its release would be "contrary to the public interest" insufficiently justify refusal because such reasons lack specificity. *See Baldarotta,* 154 Wis. 2d at 799, 453 N.W.2d at 925.

When reviewing a denial of inspection, the trial court must determine whether the custodian's denial was made with the requisite specificity and, if so, whether the reasons given are sufficient to outweigh the strong public policy favoring disclosure. *See Aagerup,* 145 Wis. 2d at 821-22, 429 N.W.2d at 773. As we have stated, the public's presumptive right to inspect public records may have to yield if outweighed by the public interest in nondisclosure. *Oshkosh Northwestern Co.,* 125 Wis. 2d at 483, 373 N.W.2d at 461.

Here, the villages each issued detailed written denials of the defendants' requests for information from the police officers' personnel files. Instead of reviewing these reasons and undertaking the required balancing of interests, however, the trial court ordered disclosure simply because the villages could not state a specific statutory exception which exempts police personnel files from disclosure. Relying on *Hathaway,* the villages argue that a statutory exception is but one of three reasons disclosure might be denied. *Hathaway,* 116 Wis. 2d at 397, 342 N.W.2d at 687. The villages assert that failing to take into account either of the two other reasons—a common

law limitation or an overriding public inter-est—constitutes reversible error.

As an initial matter, the requesters state that the villages refused to permit an *in camera* inspection. The requesters contend that without an *in camera* inspec-tion, the court had "no basis for examining the common law limitations nor for deciding whether there was an overriding public interest in keeping the public record confidential." We disagree. The issue here is not the contents of these particular officers' personnel files, but the personnel files of police officers in general. We thus hold that if the policy reasons the custodian lists for nondisclosure are of sufficient specificity, and if those reasons override the presumption in favor of disclosure, an *in camera* inspection is unnecessary.

We now turn to the propriety of the trial court's ruling. Our inquiry is twofold. *Aagerup,* 145 Wis. 2d at 821, 429 N.W.2d at 773. We first determine whether the custodian's denial was made with the specificity required by sec. 19.35, Stats., and case law. *Id.* To meet the speci-ficity requirement, the custodian must give a public pol-icy reason that the record warrants confidentiality. *Id.* at 823, 429 N.W.2d at 774.

If the requisite showing of specificity is made, we then determine whether the reasons given for withhold-ing are sufficient to outweigh the strong public policy favoring disclosure. *Id.* at 821–22, 429 N.W.2d at 773. We conclude both that the villages made a sufficient showing of specificity and that those specific reasons are sufficient to outweigh the countervailing public policy favoring disclosure.

We first address the specificity requirement. Here, the villages issued substantially similar detailed written denials of the defendants' requests for information from the police officers' personnel files.[3] The custodians identified numerous public policy considerations supporting the denials, including the officers' privacy and reputational interests; fair, efficient and effective law enforcement; and officer safety. The custodians did not merely

---

[3]Among the reasons the villages gave were that disclosure would:

(1) run counter to the legislature's recognition, indicated in sec. 19.85, Stats., of the need to keep personnel records confidential "to maintain the reputational and privacy interests of the individual employe;"

(2) provide the requester with greater access than the officer himself enjoys;

(3) subvert the villages' policy of ensuring their employees "opportunities for satisfying careers and fair treatment" based on the value of each employee's service;

(4) impinge upon the officers' right to privacy;

(5) inhibit the villages' ability to hire and retain competent personnel and would diminish the fair, efficient and effective rendering of services;

(6) prevent a reviewer from freely making candid assessments of an individual officer's strengths and weaknesses, if that information might later be used publicly against the officer, perhaps in a life-threatening situation;

(7) discourage officers from testifying in court, thus frustrating the public interest in prosecution of law violators;

(8) run counter to the villages' interests in maintaining the confidentiality of its personnel records, an interest similar to that of state employee personnel matters which are closed to the public under sec. 230.13, Stats.; and

(9) aid in the circumvention of rules against pretrial discovery in the prosecution of traffic offenses.

recite statutory references or offer unsupported legal conclusions. We hold that the reasons given for denying disclosure were sufficiently specific.

Our next inquiry, then, is whether the reasons given—although adequately specific—are sufficient to outweigh the strong public policy favoring disclosure. *Id.* Whether the harm to the public interest by disclosure is outweighed by the public interest in inspection is a question of law. *Id.* at 825, 429 N.W.2d at 775. We review questions of law *ab initio. Id.* at 826, 429 N.W.2d at 775. We conclude the reasons are sufficient.

The villages argue that, although this case is not governed by a "clear statutory exception," *Hathaway,* 116 Wis. 2d at 397, 342 N.W.2d at 687, the legislature repeatedly has recognized a public policy interest in denying access to personnel files of public employees. We agree. For example, the Open Meetings Law, sec. 19.85, Stats., permits closed sessions for consideration of matters similar to those sought to be disclosed in this record request.[4] Significantly, the legislature has expressly provided in the Public Records Law that "[t]he exemptions to the requirement of a governmental body to meet in

---

[4]Section 19.85(1), Stats., provides in relevant part:

A closed session may be held for any of the following purposes:
. . ..
(c) Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility.
. . ..
(f) Considering . . . personal histories or disciplinary data of specific persons, preliminary consideration of specific personnel problems or the investigation of charges against specific persons . . . which, if discussed in public, would be likely to have a substantial adverse effect upon the reputation of any person referred to in such histories or data, or involved in such problems or investigations.

open session under s. 19.85 *are indicative of public policy.*" Section 19.35(1)(a), Stats. (emphasis added). Furthermore, the supreme court has recognized that protecting the reputations of individuals is a public policy interest and has concluded that "the legislative policy expressed in [the Open Meetings Law] 'carries over to the field of inspection of public records and documents.' " *Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 430, 279 N.W.2d 179, 185 (1979) (quoting *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 685, 137 N.W.2d 470, 476 (1965)).[5]

The village of Butler argues that ch. 230, Stats., governing state employment relations, provides another example in which the legislature has recognized the need for confidentiality in certain personnel matters. It cited as public policy interests against disclosure its need to hire and retain competent personnel who will furnish services to its citizens as fairly, efficiently and effectively as possible and to ensure its employees opportunities for satisfying careers and fair treatment based on the value of each employee's services. The legislature has declared the same to be the policy of this state. Section 230.01(1) and (2), Stats. To that end, sec. 230.13, Stats., permits records of certain personnel matters, such as evaluations and disciplinary actions, to be kept closed.

The requesters counter that sec. 230.13, Stats., is inapplicable because police officers are municipal, not state, civil servants and that sec. 62.13(5)(d), Stats., mandates open disciplinary hearings for police officers.

---

[5]*State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 137 N.W.2d 470 (1965), was construing sec. 14.90, Stats., then the Open Meetings Law. Since 1965, the Open Meetings Law has been renumbered, repealed, and finally recreated as ch. 19, subch. IV, Stats. Substantively, the current sec. 19.85(1)(c) and (f), Stats., is the same as sec. 14.90(3)(b) and (e) of the old statute.

We deem this argument unavailing because, as the villages note, it is the *public policy* behind the statute that the custodians relied upon in making their determinations. We conclude that disclosure of the records at issue here would inhibit the goals sought to be advanced by the villages and sec. 230.01(1) and (2), Stats.

Likewise, sec. 103.13, Stats., is indicative of our state's public policy of protecting an individual's privacy and reputational interests even to the extent that certain employee matters may be closed to inspection to the employee himself or herself. Section 103.13(6). Some of these matters include investigations into criminal activities; letters of reference; portions of test documents; materials used for staff management planning such as evaluations, bonus plans, promotions and job assignment; personnel information about another person; and records relating to a claim pending between an employee and an employer. *Id.*

We agree with the villages that disclosure of the requested records likely would inhibit a reviewer from making candid assessments of their employees in the future. We also agree, as Elm Grove asserts, that opening these records likely would have the effect of inhibiting an officer's desire or ability to testify in court because he or she would face cross-examination as to embarrassing personal matters. A foreseeable result is that fewer qualified people would accept employment in a position where they could expect that their right to privacy regularly would be abridged.

We conclude, therefore, that the statutory provisions cited above indicate a legislative recognition of a public policy interest in generally denying access to the personnel files of police officers. We are satisfied that the villages have specifically established a public interest

against disclosure which is of sufficient weight to override the presumption that the records should be released.

*By the Court.*—Order reversed.