ARMADA BROADCASTING, INC., a Wisconsin corporation,
Plaintiff-Respondent,

v.

Robert E. STIRN, District Administrator, School District of Wisconsin Dells, a municipal corporation,
Defendants-Respondents,

Richard SCHAUF, Appellant-Petitioner.

Supreme Court

*No. 92–3036. Oral argument March 3, 1994.—Decided May 12, 1994.*

(Also reported in 516 N.W.2d 357.)

464

466

For the appellant-petitioner there was a brief by *Carol Grob, Gordon E. McQuillen* and *Cullen, Weston, Pines & Bach,* Madison and oral argument by *Carol Grob.*

For the plaintiff-respondent there was a brief (in the court of appeals) by *Richard W. Cross* and *Cross Law Offices,* Wisconsin Dells and there was no oral argument.

WILLIAM A. BABLITCH, J. Richard Schauf (Schauf) seeks review of a court of appeals' decision denying him the right to intervene in Armada Broadcasting, Inc.'s, (Armada) action to compel disclosure of an investigative report in which Schauf is a subject. The court of appeals held that Schauf lacked a legally protected interest in closing the report from public access and thus denied his request. We disagree. We find that Schauf meets the criteria for intervention as of right[1] and accordingly, we reverse the decision of the

---

[1] Section 803.09(1), Stats., provides:

court of appeals and remand so that Schauf may intervene.

The facts are undisputed. The School District of Wisconsin Dells (District) commissioned Attorney Ann Weiland to investigate employee charges of sexual harassment. On the basis of her report (Weiland report), the District took disciplinary action against Schauf and other District employees. In response, Schauf filed a grievance against the District in accordance with the District's collective bargaining agreement.

In September 1992, Armada filed a written request with Robert Stirn, Administrator for the District, for copies of the Weiland report and other documents in the District's possession. Armada made the request pursuant to the Wisconsin Open Records Law, sec. 19.35, Stats. The District disclosed copies of some of the documents but denied the request for the Weiland report, citing the following reasons for its denial:

1. The document prepared by Ms. Weiland for the District constitutes a confidential attorney/client communication and is subject to the attorney/client privilege under section 905.03 Wis. Stats. See also section 19.85(1)(g), Wis. Stats.

2. Disclosure of the report would run counter to the legislature's recognition of the need to keep personnel records confidential to protect

---

Upon timely motion anyone shall be permitted to intervene in an action when the movant claims an interest relating to the property or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties.

the reputational interests of individual employees, as indicated in section 19.85(1), Stats. This document is an integral part of an investigation of charges against specific individuals. If the charges were discussed in public, a substantial adverse effect upon the reputation of these individuals would likely result. The Board will be reviewing the charges against certain employees pursuant to the grievance procedure. The investigation is, therefore, not complete.

3. Disclosure of the report would infringe on the right to privacy of the employees who brought the charges which resulted in the investigation.

4. Disclosure would provide the press with greater access than the employees involved enjoy themselves.

Armada filed a petition for a writ of mandamus to obtain the Weiland report. On November 2, 1992, the same day oral arguments were to be held on the writ of mandamus, Schauf filed a motion to intervene in the action. Schauf claimed that he had a legally protected interest in the disclosure of his personnel files because disclosure would greatly harm his reputation. He also argued that he would be inadequately represented by the District, and that his due process rights to fair grievance procedures would be violated if he was not allowed to intervene. Armada was the only party to oppose Schauf's motion. The circuit court denied Schauf's motion, reasoning that the balancing of interests in the public records analysis is best done by looking only at the interests of the parties originally in the action.

At the conclusion of a second hearing on November 24, 1992, the circuit court denied Schauf's request to stay disclosure of the report pending an appeal of his motion to intervene. The court then ordered that six and one-half pages of the Weiland report be released. Included within the six and one-half pages released is a paragraph relating to Schauf's alleged sexual harassment and the action that Attorney Weiland proposed be taken against him. The court's basis for preserving the confidentiality of the other portions of the Weiland report was that the report contained extreme contradiction and uncorroborated information which if released could cause harm to the reputations of the District employees involved in the investigation.

On December 17, 1992, prior to Armada's hearing for reconsideration of the circuit court decision, the court of appeals granted Schauf's motion for stay of further proceedings, pending appeal. Subsequently, the court of appeals affirmed the circuit court's denial of Schauf's motion to intervene on the basis that Schauf did not have a legally protected interest in closing the Weiland report from public access. Schauf petitioned, and we granted review. Schauf was the only party to submit a brief and participate in oral argument before this court. The District did not oppose Schauf's motion, and Armada relied solely on its brief submitted to the court of appeals.

■

The sole issue on review is whether Schauf has a right to intervene in the mandamus action under sec. 803.09(1), Stats. The decision to allow or deny intervention as of right is a question of law which we review de novo. *State ex rel. Bilder v. Delavan Tp.,* 112 Wis. 2d 539, 549, 334 N.W.2d 252 (1983).

We begin by setting forth the four requirements[2] for intervention as of right enumerated in the statute:

(1) that the motion to intervene be made in a timely fashion;

(2) that the movant claims an interest relating to the property or transaction which is the subject of the action;

(3) that the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and

(4) that the movant's interest is not adequately represented by existing parties.

If Schauf meets each of the requirements listed above, we must allow him to intervene in the mandamus action. The court of appeals denied Schauf's motion on the basis that he lacked a legally protected interest in the mandamus action, and thus did not address the other requirements for intervention. We address each requirement separately below and conclude that Schauf meets each of the requirements for intervention.

## I. TIMELINESS

The question of timeliness is left to the discretion of the circuit court. *Bilder,* 112 Wis. 2d at 550. The

---

[2] The court of appeals listed a fifth requirement: that the intervention will not unduly prejudice the adjudication of the original parties' rights. This requirement is not a condition of sec. 803.09(1), Stats., but of permissive intervention under sec. 803.09(2). Schauf seeks intervention solely under sec. 803.09(1), and thus we do not address the fifth requirement.

circuit court did not cite timeliness as grounds for denial of Schauf's motion, and Armada has not objected to his motion on this basis. Schauf filed and argued his motion for intervention prior to the commencement of the first hearing on the mandamus action. We conclude that Schauf's motion was timely.

## II. SUFFICIENTLY RELATED INTEREST

In determining whether Schauf claims an interest relating to the transaction which is the subject of the action, we must determine whether Schauf has an interest "sufficiently related" to Armada's mandamus action. *Bilder,* 112 Wis. 2d at 547. In doing so, we are instructed to "view the interest sufficient to allow the intervention practically rather than technically." *Id.* at 548. The purpose of this approach is to strike a balance between two conflicting public policies: allowing the original party to conduct and conclude its own lawsuit and allowing persons to join in the interest of the speedy and economical resolution of controversies. Courts using this pragmatic approach view the interest test as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* at 549 (citing *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C. Cir. 1967)).

The court of appeals denied Schauf's motion on the basis that Schauf lacked a legally protected interest in intervening. In doing so, however, the court did not employ the pragmatic approach adopted in *Bilder.* Rather, the court focused on the public policy behind the Open Records law. It stated:

[E]ven if 'there is a legal guarantee of present enjoyment of reputation or a general legislative policy to protect a citizen's general interest in his or her reputation,' that does not as a matter of law overcome the public policy regarding open records. *Armada Broadcasting, Inc. v. Stirn* , 177 Wis. 2d 272, 281, 501 N.W.2d 889 (Ct. App. 1993) (citing *Bilder,* 112 Wis. 2d at 557).

The court of appeals' reliance on this language in *Bilder* was misplaced. This language was used in *Bilder* in the context of determining whether the record in question should be opened to the public under the Wisconsin Open Records law. The issue before us does not involve a determination under the Open Records law. We do not decide whether the Weiland report should be disclosed to the public. Rather, we are concerned solely with whether Schauf has an interest sufficiently related to the mandamus action for purposes of intervention under sec. 803.09(1), Stats. We need not balance such interest against the policy behind the Open Records law.

For this same reason we reject Armada's argument that our decision whether to allow Schauf to intervene is governed by other language in *Bilder* which reads: "it is the legal custodian of the record, not the citizen, who has the right to have the record closed. . . ." 112 Wis. 2d at 558. This statement has no affect upon our decision regarding intervention. As stated previously, our decision does not influence whether the record should remain closed. Moreover, it does not grant Schauf the ability to close the record. We are simply determining whether Schauf may intervene for the purpose of being able to offer reasons to the court why the record should remain closed.

Utilizing the pragmatic approach recommended in *Bilder* to resolve this question we conclude that Schauf does have an interest sufficiently related to Armada's mandamus action. The Weiland report contains speculative and uncorroborated information about Schauf which could cause great harm to Schauf's reputation and future career as a school teacher. Consequently, Schauf has a unique and significant interest in attempting to persuade the court that this report should remain closed.

Schauf has a general right to privacy under Wisconsin law. *See* sec. 895.50, Stats; *see also* secs. 15.107(13) and 19.625 (establishing and delineating the functions of the state Privacy Council). Further, several sections of the Wisconsin statutes evince a specific legislative policy of protecting privacy and confidentiality in employee disciplinary actions. For example, secs. 19.35(1) and 19.85(1)(b), (c), and (f), except from the open records and open meetings laws records or meetings dealing with disciplinary actions against employees. Additionally, sec. 230.13(1)(c) permits a state secretary or administrator to keep personnel records closed to the public when they involve disciplinary actions of employees. Finally, sec. 103.13(6) provides situations when no one, including the public employee, may inspect personnel files as a matter of confidentiality.

We have also recognized that there is a public-policy interest in protecting the reputations of citizens. *Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 430, 279 N.W.2d 179 (1979). Within the context of the common law tort of defamation we underscored the importance in preserving one's reputation:

> A person's reputation and good name is of inestimable value to him and once it has been besmirched by another through carelessness or malice restoration is virtually impossible. Protection of a citizen's good name is a proper concern of the state. *Denny v. Mertz,* 106 Wis. 2d 636, 658, 318 N.W.2d 141 (1982), *cert. denied,* 459 U.S. 883 (1982). (Footnote omitted.)

This heightened significance given to privacy and reputation leads us to conclude that Schauf's interest in keeping the Weiland report closed is sufficient to satisfy sec. 803.09(1), Stats. Such a conclusion not only recognizes Schauf's interest but also serves the policy behind the pragmatic approach recommended in *Bilder.* It allows Armada to conduct its lawsuit, it promotes judicial efficiency in that all interested parties are involved, and it ensures Armada finality to the extent that Schauf's rights will be exercised during the mandamus action rather than in later litigation. Based on his interest in the action, Schauf should be allowed to intervene.

### III. PROTECTION OF INTEREST

If Schauf is to protect his recognized interest in the remaining portions of the Weiland report, he must be allowed to intervene in the mandamus action. Should those remaining portions of the report be released, the damage to Schauf's reputation will have already occurred. This has already been illustrated with respect to the last six and one-half pages of the report which have been released and which disseminate incriminating information about Schauf to the public. The time for Schauf to protect his interest is now.

## IV. ADEQUATE REPRESENTATION

When determining whether a party's representation is deemed adequate we look to see if there is a showing of collusion between the representative and the opposing party; if the representative's interest is adverse to that of the proposed intervenor; or if the representative fails in the fulfillment of his duty. *Milwaukee Sewerage Commission v. DNR,* 104 Wis. 2d 182, 189, 311 N.W.2d 677 (Ct. App. 1981) (citing *United States v. Board of Sch. Com'rs, Indianapolis, Ind.,* 466 F.2d 573, (7th Cir. 1972), *cert. denied,* 410 U.S. 909 (1973). In interpreting Rule 24(a)(2) of the Federal Rules of Civil Procedure upon which sec. 803.09, Stats., was based, *see Bilder,* 112 Wis. 2d at 547, the Supreme Court of the United States stated that the showing required for proving inadequate representation "should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972).

Schauf meets the minimal requirement for showing that his interests are not adequately represented by the District. He has filed a grievance action against the District under a collective bargaining agreement. Denying Schauf the ability to intervene would force him to rely on an adverse party to protect his privacy interests. Although the District argued at the motion hearing that disclosure of the Weiland report could potentially harm the reputations of the subjects investigated, we cannot expect the District to defend the mandamus action with the vehemence of someone who is directly affected by public disclosure of the report. The personal nature of the interests at stake in the Weiland report make Schauf the best person to protect those interests. The District apparently recognizes

this; it does not oppose Schauf's motion to intervene. Therefore, we find that in order to be adequately represented Schauf must be allowed to intervene in the mandamus action.

Because Schauf meets all of the requirements under sec. 803.09(1), Stats., we conclude that he is entitled by right to intervene in Armada's mandamus action. Accordingly, we reverse the decision of the court of appeals and remand to the circuit court so that Schauf may intervene.

*By the Court.*—The decision of the court of appeals is reversed and remanded with directions.