Marcia A. KLEIN, Plaintiff-Respondent,

v.

WISCONSIN RESOURCE CENTER, Karren Kimble, Phil
Macht and Attorney General James E. Doyle,
Defendants-Respondents,

Ronald A. KEITH, Sr., and Stephen J. Weissenberger,
Defendants-Appellants.†

Court of Appeals

*No. 97–0679. Submitted on briefs February 6, 1998.—Decided
April 1, 1998.*

(Also reported in 582 N.W.2d 44.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Stephen J. Weissenberger* and *Ronald A. Keith, Sr., pro se*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Bruce Chudacoff* of *Chudacoff & Liebzeit* of Appleton.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Alan Lee*, assistant attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

SNYDER, P.J.   Ronald A. Keith, Sr., and Stephen J. Weissenberger are individuals committed under ch. 980, STATS., to the Wisconsin Resource Center (WRC).

They appeal from a trial court judgment denying their requests for the personnel file of Marcia A. Klein, an employee of WRC. Keith and Weissenberger bring claims that: (1) they have the right to "un-privileged, non-confidential and available information" in Klein's personnel file regardless of their status as "requesters"; (2) the record custodian did not conduct a proper balancing test; and (3) proper venue for this case was Dane County and the Winnebago County Circuit Court did not have jurisdiction over the case.

First, we conclude that Keith and Weissenberger are proper requesters under the open records law.[1] However, we extend the reasoning of *Woznicki v. Erickson*, 202 Wis. 2d 178, 549 N.W.2d 699 (1996), and conclude that Klein's circuit court action properly challenged WRC's initial decision to release a portion of her personnel file. We agree with the circuit court's finding that the record custodian properly balanced the competing interests when it determined that the release of an employee's personnel records would jeopardize security at the institution and infringe on the privacy rights of individuals employed by WRC. Finally, because Klein's challenge to the release was brought in Winnebago County, venue was appropriate and we affirm.

The WRC is a state facility which has two functions: to provide mental health treatment for inmates from other state prisons and to provide treatment for individuals committed under ch. 980, STATS., as sexually violent persons. Keith and Weissenberger are both

---

[1] This holding of the opinion is of limited precedential value because subsequent to our decision the legislature revised several statutory sections and excepted persons committed under ch. 980, STATS., from consideration as proper requesters. *See* 1997 Wis. Act 94, §§ 1 and 3 (effective April 28, 1998).

patients committed as sexually violent persons. Keith filed a request with the registrar of WRC for "[a]ny and all personnel files (with omission of addresses, phone numbers, family members and other confidential material) of . . . [Klein]." Shortly thereafter, Klein was informed by WRC that it intended to provide Keith with at least a portion of her file. At some point after Klein was told this, Weissenberger also filed a request for her personnel file.[2]

Klein then commenced an action in Winnebago County Circuit Court naming WRC, its registrar, its warden, the State and Keith as defendants. She claimed that her personnel file was not an open record and therefore not subject to disclosure. She also asserted that she would be irreparably harmed if the file were released. The court granted a temporary restraining order which prohibited disclosure of the file. In his answer Keith counterclaimed, sought to join Weissenberger in the action and also filed a counterclaim by Weissenberger. The State responded to Klein's complaint by admitting that it intended to release a portion of her personnel file, but that it would remove any portion of the file that would endanger Klein or her family. The State also offered to submit the personnel file to Klein's attorney and to the court for review and a determination of which records should be released.

At the first hearing on Klein's complaint the parties agreed to join Weissenberger as a defendant and to dismiss the counterclaims of Keith and Weissenberger. The court extended its temporary restraining order

---

[2] It is not clear from the record whether Weissenberger's request was made before the commencement of this action. However, his name was not included in the original complaint filed by Klein.

prohibiting disclosure of the file until a final judgment was rendered. The State subsequently filed an amended answer which indicated that although it had initially intended to comply with the public records request for Klein's personnel file, it had since received additional requests for the personnel files of various other employees and had reconsidered. In its amended answer, the State claimed that the "need to maintain institutional security and concern for the safety and well-being of WRC staff and their families outweighs the public interest in providing access to these files and . . . disclosure . . . would constitute an unwarranted invasion of the employees' personal privacy." After conducting a de novo review of the record request, the circuit court agreed with the State's position. Keith and Weissenberger appeal.

■ We begin with the issue of whether Keith and Weissenberger are proper requesters. A "requester" is defined in § 19.32(3), STATS., as "any person who requests inspection or copies of a record, *except an incarcerated person.*"[3] An incarcerated person is "a person who is incarcerated in a penal facility." Section 19.32(1c). Although Keith and Weissenberger are confined at WRC, their confinement is by virtue of a civil commitment procedure and is for the purposes of treatment and the protection of the public. *See State v. Carpenter,* 197 Wis. 2d 252, 271, 541 N.W.2d 105, 112 (1995), *cert. denied,* 117 S. Ct. 2507 (1997). They are not "incarcerated"; therefore, the provisions of § 19.32(3), which prohibit incarcerated persons from being proper requesters, are not applicable. We conclude that Keith and Weissenberger are proper

---

[3] *See supra* note 1.

requesters. When the legislature amended the open records law to prevent incarcerated persons from obtaining these types of records, it failed to include those individuals committed pursuant to ch. 980, STATS.

The next issue we address is whether Klein's challenge to the release of this information is proper. In *Armada Broadcasting, Inc. v. Stirn,* 183 Wis. 2d 463, 467–68, 516 N.W.2d 357, 358 (1994), the supreme court held that an individual has a right to intervene in an action which seeks to compel disclosure of an investigative report in which the intervenor is a subject. The court concluded that such an individual "meets the criteria for intervention as of right" pursuant to § 803.09(1), STATS., *see Armada Broadcasting*, 183 Wis. 2d at 467, 516 N.W.2d at 358, and specified that "[t]he time for [the intervenor] to protect his interest is [before the information is released]," *see id.* at 475, 516 N.W.2d at 361.

In *Woznicki,* 202 Wis. 2d at 193, 549 N.W.2d at 705, the court further explained the right of an individual to protect his or her privacy interests. There the court determined that a record custodian, in that case a district attorney, could not release records without first notifying the individual who was the subject of the records. The court held that "an individual whose privacy or reputational interests are implicated by the . . . potential release of his or her records has a right to have the circuit court review the . . . decision to release the records . . . ." *Id.* The court also recognized that in such a case the official who has determined that release is appropriate must, after notification, allow a reasonable amount of time for the affected individual to appeal. *See id.*

493

While the *Woznicki* case was specifically concerned with the release of records by a district attorney, we read the supreme court's reasoning in that case as being applicable in other situations. Case law preceding the *Woznicki* decision provided for review of a record custodian's decision in a circuit court. *See Village of Butler v. Cohen*, 163 Wis. 2d 819, 827, 472 N.W.2d 579, 582 (Ct. App. 1991). We read *Woznicki* as standing for the general proposition that when access is sought under the open records law to any records which pertain to an individual, the "targeted" individual has a right to notification if the record custodian agrees to release the information and the right to seek circuit court review of that decision. *See Woznicki*, 202 Wis. 2d at 193, 549 N.W.2d at 705.

In the instant case, the records sought by Keith and Weissenberger are personnel records which are kept by an employer. For employees in the private sector, personnel records are not accessible under the open records law. However, because Klein is employed by WRC, a state facility, her personnel records are covered by § 19.32(2), STATS. (a record is any material which has been created or is being kept by an authority).[4] As a state employee at a state-operated institution, Klein and others similarly situated have a legitimate concern about the release of information contained in files cre-

---

[4] Although the court in *Village of Butler v. Cohen*, 163 Wis. 2d 819, 831, 472 N.W.2d 579, 584 (Ct. App. 1991), held that the personnel records of village police officers were not subject to disclosure under the public records law, the supreme court concluded in *Woznicki v. Erickson*, 202 Wis. 2d 178, 195, 549 N.W.2d 699, 706 (1996), that the open records law "does not provide a blanket exemption for either . . . personnel records or . . . telephone records."

ated by their employer. Our extension of the reasoning of *Armada, Village of Butler* and *Woznicki* permits a state employee who is the "target" of a request for personnel records to challenge a record custodian's decision to release such information. This procedure is in keeping with the policy and purpose underlying the open records law: "[T]o provide the broadest possible access of the public to public records. However, the right to public access is not absolute. . . . [An individual] has important interests in privacy and reputation that warrant protection under our law." *Woznicki*, 202 Wis. 2d at 193–94, 549 N.W.2d at 705–06.

We adopt the procedure outlined in *Woznicki* and apply it to public sector employers. Once a request for a record is made, the employer as record custodian is required to balance the public policy of maintaining open records against the factors outlined in § 19.35(1)(am)2, STATS. After balancing the competing interests, if the employer determines that the potential damage incurred by release of the personnel information outweighs the public's interest in open records, the information should not be disclosed.[5] *See* § 19.35(1)(am). However, if a decision is made to release any portion of the requested information, the individual whose privacy interests are affected must be notified and given an opportunity to appeal the decision. *See Woznicki*, 202 Wis. 2d at 193, 549 N.W.2d at 705.

Having outlined the applicable procedure, an issue yet before us is whether the circuit court's determina-

---

[5] In such a case, the requester may seek review of that decision through a writ of mandamus. *See* § 19.35(4)(b), STATS.; § 19.37(1), STATS.

495

tion that the records should not be released appropriately balanced the competing interests in this case. Whether harm from disclosure outweighs the public interest in permitting broad access to public records is a question of law to be reviewed de novo. *See id.* at 192, 549 N.W.2d at 705. We consider the competing interests.

In denying access to the requested information, the record custodian stated:

> [R]ecords may be withheld from disclosure when an overriding public interest in keeping a public record confidential outweighs the strong presumption in favor of public access. . . . Having weighed those competing interests in connection with your requests for personnel files of WRC staff, I have concluded that the concern for the safety and well-being of WRC staff and their families and for institutional morale outweigh the general rule in favor of access to government records and that disclosure of their personnel files would constitute an unwarranted invasion of the employees' personal privacy.

The letter then detailed numerous concerns with the release of employees' personnel records, but the most compelling included: (1) a chilling effect on employees' willingness to take action relating to patient misconduct; (2) the possibility that release would subject employees and their families to a substantial risk of harassment or other jeopardy; (3) a loss of morale and potential inhibition on WRC's ability to hire and retain competent personnel; and (4) jeopardizing employee safety and compromising WRC's interest in maintaining a safe and secure environment.

Juxtaposed against these concerns was recognition that the purpose of the open records law must also be considered. However, after weighing that purpose,

496

the record custodian informed Keith that "granting your request would in no way further the purpose of the Public Records Law. The information you seek neither informs the electorate, promot[es] better self-governance, nor concerns official acts of government employees. There is little, if any, general public interest in allowing access to personal information about institution employees."

In its decision, the circuit court adopted this reasoning. Based on our de novo review, we agree that the record custodian correctly laid out the opposing considerations and determined that a balancing of those competing interests weighed more heavily on the side of maintaining confidentiality. Being employed in the public sector is not a forfeiture of all rights to privacy. The denial of Keith's request for Klein's personnel records was appropriate and is upheld.

The final issue raised is whether venue was proper in Winnebago County. Keith and Weissenberger argue that the proper venue for this action is Dane County pursuant to § 801.50(3), STATS.[6] They contend that the record custodian was required "as soon as practical and without delay" to satisfy their request for Klein's personnel records or to deny the request in whole or in part. Had this occurred, they reason, they would then have brought a writ of mandamus in Dane County to compel the production of the records. *See id.* ("All actions in which the sole defendant is the state ... shall

---

[6] The relevant portion of § 801.50(3), STATS., provides: "All actions in which the sole defendant is the state, any state board or commission or any state officer, employe or agent in an official capacity shall be venued in Dane county unless another venue is specifically authorized by law."

be venued in Dane county . . . ."); *see also Fox v. Bock,* 149 Wis. 2d 403, 416, 438 N.W.2d 589, 595 (1989).

Keith and Weissenberger's analysis ignores the notification requirement outlined in *Woznicki.* When the record custodian received Keith's request for Klein's personnel records and initially determined that the requested information would be released, the custodian notified Klein, the "target" of the request. Once the record custodian informed her of the decision to release the information, Klein's recourse was to challenge the decision and seek circuit court review of the record custodian's decision. Because Klein's challenge to the decision of the record custodian to release her personnel records arose in Winnebago County, venue there was proper. *See* § 801.50(2)(a), STATS. (unless otherwise provided by statute, venue in special proceedings may be in the county "where the claim arose").[7]

*By the Court.*—Judgment affirmed.

---

[7] Keith also raises an issue as to whether the balancing test was properly carried out by the record custodian. As we understand his argument, he questions whether the record custodian properly denied his request or whether the denial was actually made by the attorney general's office. He argues that "the injunctive issue had to be fully satisfied before the records custodian's response could be properly made." While WRC's decision to release the information was reconsidered after Klein commenced this action, the circuit court's review of any authority's decision to release or withhold information is de novo. *See Woznicki,* 202 Wis. 2d at 192, 549 N.W.2d at 705. Therefore, once circuit court review commences, earlier determinations by any other authority are immaterial.