MILWAUKEE TEACHERS' EDUCATION ASSOCIATION, James Roe 1–5 and Jane Roe 1–2, Plaintiffs-Appellants,

v.

MILWAUKEE BOARD OF SCHOOL DIRECTORS, Joseph Fisher and Robert C. Jasna, Defendants-Respondents,

JOURNAL SENTINEL, INC., Defendant-Intervenor-Respondent.†

Court of Appeals

*No. 97–0308. Oral argument March 31, 1998.—Decided May 12, 1998.*

(Also reported in 582 N.W.2d 122.)

†Petition to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Richard Perry, Robert J. Lerner* and *B. Michele Sumara* of *Perry, Lerner & Quindel, S.C.* of Milwaukee. There was oral argument by *Robert J. Lerner*.

On behalf of the defendant-intervenor-respondent, the cause was submitted on the brief of *David Lucey* and *Paul Bargren* of *Foley & Lardner* of Milwaukee. There was oral argument by *David M. Lucey*.

Amicus curiae brief was filed by *Chris Galinat* and *Melissa A. Cherney* of Madison, for The Wisconsin Education Association Council.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

WEDEMEYER, P.J. The Milwaukee Teachers' Education Association (MTEA), James Roe 1–5, and Jane Roe 1–2 appeal from orders dismissing "for lack of subject matter jurisdiction" their complaint seeking declaratory and injunctive relief. The MTEA claims the circuit court erred when it concluded that it was not entitled to *de novo* judicial review of the Milwaukee Public School's (MPS) record custodian's decision to

release information from personnel records to Journal Sentinel, Inc. The MTEA argues that in reaching this conclusion, the circuit court erroneously interpreted *Woznicki v. Erickson*, 202 Wis. 2d 178, 549 N.W.2d 699 (1996), by limiting *Woznicki* to its facts and refusing to apply the *Woznicki* holding to the instant case. Because the circuit court does have subject matter jurisdiction to conduct a *de novo* review of the record custodian's decision in this case, we reverse the orders and remand this case to the circuit court to conduct the *de novo* review.

## I.  BACKGROUND

By letter dated January 3, 1997, James Roe 1–5 and Jane Roe 1–2 were notified that MPS had received public records requests from the Journal Sentinel for information regarding these employees' personnel files relative to a district-wide criminal background check that MPS had performed. The letter explained that the individual's name, seniority dates, assignment and places of assignments would be released to the Journal Sentinel in ten days unless the employee brought an action in circuit court for *de novo* review of the decision to release the information. These disclosures would also reveal that each employee had been fired or quit as a result of the background investigation.

On January 13, 1997, the MTEA and the seven employees filed a lawsuit seeking *de novo* review of the decision to release the information sought by the Journal Sentinel. The circuit court conducted an evidentiary hearing on January 21, 1997. The circuit court, however, did not engage in a *de novo* review of

the decision to release the records.[1] Instead, the circuit court dismissed the complaint on the ground that the court lacked subject matter jurisdiction to address the merits. The basis for its decision was its interpretation of the *Woznicki* case, noting that *Woznicki* held that a right to "*de novo* review by the circuit court, is implicit in our law." *Id.* at 185, 549 N.W.2d at 702. The circuit court, nevertheless, ruled that this holding was limited to the factual scenario where the district attorney is the public records custodian. The circuit court entered an order dismissing MTEA's complaint. An amended order staying the order's effect was subsequently entered and remains in effect. MTEA now appeals.

## II. DISCUSSION

MTEA argues that the circuit court erred when it failed to apply the *Woznicki* decision declaring that the subject of a records request has the right to *de novo* judicial review before records are released. The Jour-

[1] In its brief, the Journal Sentinel argued that the circuit court did in fact conduct such a review as evidenced by its comment at the conclusion of the evidentiary hearing that: "I'm satisfied that the Milwaukee Public School action was appropriate." At oral argument, however, counsel for Journal Sentinel conceded that a *de novo* review had not occurred. Based on our review of the record, we conclude that the circuit court did not conduct an independent review. Both the final order and amended order dismissing the case refer only to the fact that the case was dismissed for lack of subject matter jurisdiction. Aside from this single comment noted above, the entire oral ruling refers to lack of subject matter jurisdiction as grounds for dismissal. Further, this limited comment does not demonstrate that the circuit court engaged in a proper *de novo* review, which requires application of the balancing of interests tests set forth in our case law. *See Newspapers, Inc. v. Breier*, 89 Wis. 2d 417, 279 N.W.2d 179 (1979).

nal Sentinel argues that the *Woznicki* case is limited to its facts, i.e., that judicial review is available only when the district attorney is acting as the custodian of records. We agree with MTEA that the circuit court misinterpreted *Woznicki*.

The question of whether the court has subject matter jurisdiction is a question of law that we review independently of the circuit court. *See Dragoo v. Dragoo*, 99 Wis. 2d 42, 43, 298 N.W.2d 231, 232 (Ct. App. 1980). The issue presented here is narrow: whether the circuit court has subject matter jurisdiction to conduct a *de novo* review of MPS's decision to release records pursuant to a public records request. We conclude that it does.

Resolution of this case depends on a proper interpretation of the *Woznicki* case. We examine the reasoning of that case to resolve the issue before us. In *Woznicki*, our supreme court reasoned that although the open records law, §§ 19.31–19.39, STATS., does not explicitly provide for a *de novo* circuit court review of a custodian's decision to release records, this right is implicit. *See Woznicki*, 202 Wis. 2d at 185, 549 N.W.2d at 702. It is implicit in the law because the interest of protecting the privacy rights of individuals is inherent in protecting the public interest. The *Woznicki* court reasoned that our statutes and case law have consistently recognized the legitimate interest of citizens to privacy and protection of their reputations. *See id.* at 187, 549 N.W.2d at 703. To foreclose review, therefore, would be to render this body of law meaningless. *See id.* at 185, 549 N.W.2d at 702.

The *Woznicki* court based its decision on several sections of our statutes that evince a specific legislative intent to protect privacy and reputations: § 895.50,

97

STATS. (creating general right to privacy); § 19.85, STATS. (allowing governmental meetings to be closed for certain purposes involving privacy and reputational concerns); § 103.13(6), STATS. (limiting employee's right to view his or her own employment file); § 103.13(3), STATS. (allowing employee's representative to view personnel file only with written permission from the employee); § 230.13(1)(c), STATS. (allowing certain personnel records to be closed to the public when they involve disciplinary actions of employees). *See id.* at 185–87, 549 N.W.2d at 702–03.

The *Woznicki* court referred to four cases: *State ex rel. Youmans v. Owens*, 28 Wis. 2d 672, 137 N.W.2d 470 (1965); *Newspapers, Inc. v. Breier*, 89 Wis. 2d 417, 279 N.W.2d 179 (1979); *Village of Butler v. Cohen*, 163 Wis. 2d 819, 472 N.W.2d 579 (Ct. App. 1991); and *Armada Broadcasting, Inc. v. Stirn*, 183 Wis. 2d 463, 516 N.W.2d 357 (1994), pointing out that each case recognized the importance of an individual's privacy and reputational interests relative to disclosing records. *See Woznicki*, 202 Wis. 2d at 187–90, 549 N.W.2d at 703–04.

The *Woznicki* court emphasized that these statutes, together with our case law, reveal a clear recognition of the importance the legislature and our public policy place on the privacy and reputational interests of Wisconsin citizens. *See id.* at 187, 549 N.W.2d at 702. Further, we find it significant that none of the four cases relied upon in *Woznicki* involved a district attorney as a record custodian.

Based on this analysis, we conclude that the circuit court's ruling that *Woznicki*'s holding is limited to situations where a district attorney acts as the records custodian was incorrect. To interpret *Woznicki* so narrowly would be in direct conflict with the professed

importance our legislature and judiciary have placed on a citizen's privacy and reputational interests. The reasoning throughout *Woznicki* is directed to custodians of all records.[2] *See Klein v. Wisconsin Resource Center*, 218 Wis. 2d 487, 494, 582 N.W.2d 44, 47 (Ct. App. 1998) ("We read *Woznicki* as standing for the general proposition that when access is sought under the open records law to any records which pertain to an individual, the 'targeted' individual has a right to notification if the record custodian agrees to release the information and the right to seek circuit court review of that decision."). Thus, we are not persuaded by the Journal Sentinel's argument that *Woznicki* should be interpreted narrowly and limited to situations involving district attorney custodians. Justice Abrahamson, in her dissent, also refutes this contention in commenting on the holding announced in the *Woznicki* majority: "Today for the first time the court's decision requires a custodian to notify all persons whose reputational and privacy interests might be 'implicated' by the release of a record." *Woznicki*, 202 Wis. 2d at 200, 549 N.W.2d at 708 (Abrahamson, J., dissenting).

Given our supreme court's emphasis on the overriding importance of protecting these rights, it would

---

[2] The *Woznicki* court does discuss an additional reason why, in Woznicki's case, a *de novo* judicial review is particularly important; i.e., because "material gathered by prosecutors is sometimes highly personal and private and can include medical, psychiatric and psychological reports, as well as victims' statements." *Id.* at 194, 549 N.W.2d at 706. This discussion, however, does not alter our conclusion that the *Woznicki* court's fundamental holding applies to the instant case, based on the statutory and case analysis that formulates the reasoning behind *Woznicki*'s conclusion that a *de novo* judicial review by the circuit court, is implicit in our law.

be inconsistent to conclude that the employees in the instant case are not afforded the same protections provided Woznicki solely because of the difference in the custodian. We are unable to formulate a neutral principle differentiating why a teacher may protect privacy interests when his or her personnel files are held by the district attorney, but that same teacher cannot bring an action to protect his or her privacy interests if the records are held by the school district.[3] The location of the records should not be the decisive factor in whether the open records law permits judicial review prior to disclosure. *See Nichols v. Bennett*, 199 Wis. 2d 268, 274–75, 544 N.W.2d 428, 431 (1996) (in applying the open records law the location of the documents does not control).

We note that we are not deciding whether the records in this case will ultimately be disclosed.[4] It may be that the public's right to know in the instant

---

[3] Counsel for the Journal Sentinel asserted at oral argument before this court that a circuit court review is not necessary under the open records law because the general privacy statute, § 895.50, STATS., provides the MTEA with a method to challenge the record custodian's decision to release the records. This argument, however, was raised for the first time at the oral argument. Therefore, we decline to address it. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145–46 (1980).

[4] Citing *State ex rel. Journal/Sentinel, Inc. v. Arreola*, 207 Wis. 2d 496, 558 N.W.2d 670 (Ct. App. 1996), the Journal Sentinel also argues that because they have requested the release of specific facts, rather than entire personnel files, that *Woznicki* does not apply to this case. We are not persuaded. *Arreola* involved whether requested information should be disclosed not whether a circuit court has the jurisdiction to review a record custodian's decision to release requested information. *See Arre-*

case outweighs a public interest in nondisclosure. Nor have we decided whether the trial court properly applied the balancing test necessary to determine whether disclosure or nondisclosure is appropriate. What we have decided is that before disclosure of information which may forever damage a citizen's privacy and reputational interests occurs, fundamental notions of justice and fairness compel that the citizen receive an independent judicial review. We conclude there is no reason to limit *Woznicki* to the situation where a district attorney is the custodian of the requested records. Therefore, we apply the holding in *Woznicki* to this case and grant the right to judicial review to the employees in the instant case where the school district is the custodian.

Thus, we remand the matter to the circuit court with directions to conduct a *de novo* review, balancing the competing interest of whether permitting inspections would result in harm to the public interest versus the compelling public interest in allowing inspection. *See Breier*, 89 Wis. 2d at 427, 279 N.W.2d at 184.

*By the Court.*—Orders reversed and cause remanded with directions.

---

*ola*, 207 Wis. 2d at 502, 558 N.W.2d at 673. Therefore, *Arreola* is inapplicable here.