Clark WOLFF and Linda Wolff, Plaintiffs-Respondents,

v.

TOWN OF JAMESTOWN, Appellant,

GRANT COUNTY BOARD OF ADJUSTMENT, Grant County
Planning and Zoning Committee, and Grant County,
Defendants,

and NATIONAL UNION FIRE INSURANCE COMPANY OF PITT-
SBURGH, Pennsylvania, Intervening Defendant.

Court of Appeals

*No. 98–2974. Submitted on briefs April 13, 1999.—Decided
July 22, 1999.*

(Also reported in 601 N.W.2d 301.)

738

On behalf of the appellant the cause was submitted on the briefs of *Richard A. Lehmann* and *Mark J. Steichen* of *Boardman, Suhr, Curry & Field, LLC,* Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Robert L. Sudmeier* of *Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C.,* Dubuque, Iowa.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DEININGER, J. The Town of Jamestown appeals an order denying its motion to intervene in litigation between Grant County and Clark and Linda Wolff, who are landowners seeking to develop property located in the town and the county. The Wolffs sought circuit court review of the Grant County Board of Adjustment's decision to deny them a conditional use permit. We conclude that the Town meets the requirements of § 803.09(1), STATS., and that it is thus entitled to intervene as of right in the Wolffs' action. Accordingly, we reverse the circuit court's order.

## BACKGROUND

Under the proper circumstances, Wisconsin's rules of civil procedure permit an outsider with an interest in a lawsuit to intervene and participate as a party to the suit. Section 803.09(1), STATS.,[1] provides that an out-

---

[1] Section 803.09(1), STATS., provides:

Upon timely motion anyone shall be permitted to intervene in an action when the movant claims an interest relating to the property

sider has a right to intervene when four conditions are met: (1) the potential intervenor makes a timely motion to intervene; (2) the potential intervenor claims an interest in the property or transaction that is the subject of the suit; (3) the disposition of the suit may, as a practical matter, impair or impede the potential intervenor's ability to protect that interest; and (4) the potential intervenor's interest is not adequately represented by one or more parties to the suit. The issue here is whether the Town meets the requirements of § 803.09(1).

The Wolffs sought to develop for residential use a rugged tract of land overlooking the Mississippi River. The land is located in the Town of Jamestown in Grant County, and it comprises the southwestern tip of Wisconsin. Unfortunately, the land has no direct highway access from Wisconsin, but can be reached only via a circuitous route south into Illinois.

The land is currently zoned A–2, which permits primarily agricultural uses. In order to develop the land as they wish, the Wolffs must obtain a conditional use permit from the County, which has zoning authority over the property by virtue of the Town's approval of the County zoning ordinance. *See* § 59.69(5)(c), STATS. The Town nevertheless retains substantial responsibility for the well-being of its residents and the property within its boundaries. *See* ch. 60, STATS. The Town consistently opposed the Wolffs' development proposal on the grounds that it would be difficult to reach the property in order to provide necessary services, such as fire

or transaction which is the subject of the action and the movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless the movant's interest is adequately represented by existing parties.

protection, ambulance service, and bus transportation for school children.

The Wolffs' application for a conditional use permit was initially approved by the Grant County Planning and Zoning Committee. The Town appealed that approval to the Grant County Board of Adjustment, as it was entitled to do under § 59.694(4), STATS., and the board ultimately denied the Wolffs' application. The Wolffs then filed suit in circuit court, seeking certiorari review of the board of adjustment decision and a writ of mandamus compelling the board to approve the application. The Wolffs also claimed that the denial of their application constituted a taking of their property without compensation, in violation of the state and federal constitutions, and they sought compensation for the taking and damages for the violation of their rights under 42 U.S.C. § 1983.

The Town moved to intervene in the Wolffs' suit. The circuit court denied the Town's motion on the grounds that the Town's interests were adequately represented by the County, which was already a party to the suit. The Town appeals the order denying its motion to intervene. The merits of the Wolffs' suit are not at issue in this appeal; the sole issue is whether the Town is entitled by right to participate as a party in the litigation.

## ANALYSIS

■ Courts have no precise formula for determining whether a potential intervenor meets the requirements of § 803.09(1), STATS., and is thus entitled to intervene in a lawsuit. We evaluate the motion to intervene practically, not technically, with an eye toward "disposing of lawsuits by involving as many apparently concerned

persons as is compatible with efficiency and due process." *State ex rel. Bilder v. Township of Delavan*, 112 Wis. 2d 539, 548–49, 334 N.W.2d 252, 257 (1983) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

This practical evaluation must accommodate two potentially conflicting objectives underlying the intervention statute. On one hand, the original parties should be allowed to conduct and conclude their own lawsuit, without having that suit unduly complicated by the addition of intervening parties. On the other hand, judicial efficiency requires that, where possible, related issues should be resolved in a single lawsuit. *See Bilder*, 112 Wis. 2d at 548–49, 334 N.W.2d at 257–58. Thus, as we evaluate whether the potential intervenor meets the requirements of the intervention statute, we must examine "the facts and circumstances of this case against the background of the policies underlying the intervention rule." *Id.* at 549, 334 N.W.2d at 258. The statute governing intervention as of right does not require the potential intervenor to demonstrate that the intervention will not unduly prejudice the rights of the original parties. *See Armada Broadcasting, Inc. v. Stirn*, 183 Wis. 2d 463, 471 n.2, 516 N.W.2d 357, 359 (1994). We will, however, consider the impact on the original parties as a factor in reaching our decision whether the prospective intervenor has a right to do so. *See Bilder*, 112 Wis. 2d at 548–49, 334 N.W.2d at 257–58. Whether intervention of right is required in a given case is a question of law subject to our de novo review. *See Armada*, 183 Wis. 2d at 470, 516 N.W.2d at 359.

In this case, the parties agree that the Town's motion to intervene was timely. The Wolffs contend,

however, that the Town fails to meet the other three statutory requirements, and that the Town's intervention would not serve the public policy objectives underlying the intervention statute. We disagree.

*I. The Town's interest in the Wolffs' suit.*

The Wolffs contend that the Town lacks a sufficient interest in the litigation. The Wolffs argue that the potential intervenor's interest in the suit must be "judicially enforceable" and "legally protected," which they interpret to mean that the potential intervenor must have a related cause of action enforceable in a separate proceeding. The Wolffs contend further that the Town was not "aggrieved" by the decision of the Grant County Board of Adjustment, and that therefore the Town was not entitled to certiorari review of the board of adjustment decision. The Wolffs conclude from this that the Town has no "judicially enforceable" and "legally protected" interest, and that, accordingly, the Town fails the interest requirement of § 803.09(1), STATS.

We reject this argument for several reasons. First, under the practical, nontechnical approach to intervention endorsed in *Bilder* and *Armada*, there is no requirement that the potential intervenor's interest be "judicially enforceable" in a separate proceeding. For example, in *Armada*, a broadcaster sued under Wisconsin's open records law to obtain access to school district records. Those records contained allegations of misconduct by an employee, and the employee moved to intervene, hoping to keep the records closed. The supreme court acknowledged that "it is the legal custodian of the record, not the citizen, who has the right to have the record closed." *Armada*, 183 Wis. 2d at 473, 516 N.W.2d at 360 (citing *Bilder*, 112 Wis. 2d at 558,

334 N.W.2d at 262). Nevertheless, the supreme court concluded that:

> This statement has no effect upon our decision regarding intervention. As stated previously, our decision does not influence whether the record should remain closed. Moreover, it does not grant [the employee] the ability to close the record. We are simply determining whether [the employee] may intervene for the purpose of being able to offer reasons to the court why the record should remain closed.

*Armada*, 183 Wis. 2d at 473, 516 N.W.2d at 360–61. The court concluded that the employee had a sufficient interest to satisfy § 803.09(1), STATS. In reaching this conclusion, the court pointed to the "general right to privacy under Wisconsin law," and statutory provisions that indicate a legislative policy of "protecting privacy and confidentiality in employee disciplinary actions." *Id.* at 474–75, 516 N.W.2d at 361. At no point, however, did the court conclude that the employee had a judicially enforceable right to keep the school district records closed. Likewise, in this case the Town need not demonstrate that it has a judicially enforceable right to challenge the board of adjustment decision in order to intervene in the Wolffs' suit.

The second reason we reject the Wolffs' argument is that the Town does indeed have a "legally protected" interest, in that it has a right to challenge the board of adjustment decision via an action in certiorari. Section 59.694(10), STATS., provides, in relevant part:

> CERTIORARI. A person aggrieved by any decision of the board of adjustment, or a taxpayer, or *any officer, department, board or bureau of the municipality*, may, within 30 days after the filing of the

> decision in the office of the board, commence an
> action seeking the remedy available by certiorari.

(Emphasis added.) We note that as a municipality, the Town could seek certiorari review regardless of whether it was "aggrieved." Here, the Town had no reason to commence an action in certiorari, because the decision of the board of adjustment was favorable to it. Although the circumstances of this case did not require the Town to exercise its right to appeal the board's decision, § 59.694(10) demonstrates the legislature's recognition that a town has a significant interest in the outcome of zoning decisions made by the county.

The third reason we reject the Wolffs' argument is that under Wisconsin's scheme of municipal government, the Town retains substantial responsibility for the well-being of the residents and the property within its boundaries. *See* ch. 60, STATS. The Wolffs contend that fire protection is the only service for which the Town is directly responsible. *See* § 60.55, STATS. The responsibility to provide fire protection to the hard-to-reach Wolff property might itself justify the Town's intervention. In any case, the Town's powers and duties under ch. 60 involve considerably more than fire protection, even if the Town does not itself provide extensive services to its residents.

In sum, the Town has a substantial interest in the well-being of the residents and property located within its boundaries. And, although the Town has approved the County's zoning ordinance, and thereby delegated responsibility for the administration of zoning to the County, the County's zoning decisions continue to affect the Town's interests. The Wolffs have offered no reason why the Town's intervention would unduly complicate or delay the resolution of their suit, and we see none. Accordingly, we conclude that the Town has an

interest relating to the subject of the Wolffs' suit sufficient to satisfy the interest requirement of § 803.09(1), STATS.

## II. *The Town's ability to protect its interest.*

The Wolffs argue that because the Town has no legally protected interest in their suit, it necessarily follows that their suit will not impair or impede the Town's ability to protect such an interest. In the previous section, we rejected the premise underlying the Wolffs' argument on this point, and accordingly, we reject their conclusion. The Town itself appealed the county zoning committee's initial approval of the Wolffs' conditional use permit to the board of adjustment. The Town ultimately prevailed before the board, and the Town's victory is now being attacked in this action. Thus, the Town has an interest in the Wolffs' suit, and should the Wolffs prevail, the Town may not again have the opportunity in another forum to offer reasons why the board of adjustment reached a proper result. We conclude, therefore, that the disposition of the Wolffs' suit would impair or impede the Town's ability to protect its interest.

## III. *The representation of the Town's interest by the County.*

Under § 803.09(1), STATS., intervention is required only if the potential intervenor's interests are not adequately represented by the existing parties to the suit. This requirement is satisfied "if the applicant shows that the representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972), *cited with approval*

*in Armada*, 183 Wis. 2d at 476, 516 N.W.2d at 362. Although the Wolffs concede that the Town's burden on this point is minimal, they nevertheless contend that the Town's interests are adequately represented by the County, because there would be no difference "in how the case is substantively presented to the Court" if the Town were involved. We reject the Wolffs' argument.

We acknowledge that the Town and the County are not wholly adverse parties, in that they ostensibly seek the same outcome: affirmance of the board of adjustment decision. It is also likely that the Town and the County would offer similar arguments in support of their mutually desired outcome. The interests of the Town and the County, however, need not be wholly adverse in order to conclude that the County would not adequately represent the interests of the Town. *See Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967). In *Nuesse*, the potential intervenor, a state banking commissioner, and an existing party sought the same outcome and their positions were tactically similar. *See id.* Nevertheless, the court concluded that the "banking commissioner [was] in a better position . . . to provide full ventilation of the legal and factual context" of the dispute, and that consequently "there [was] a serious possibility that the Commissioner's interest may not be adequately represented." *Id.* at 704. We find a similar "serious possibility" here because of two differences between the position of the County and that of the Town.

First, unlike the Town, the County must defend a suit for damages for the violation of the Wolffs' constitutional rights. The Town argues that the potential for such damages provides the County with an incentive to settle the suit on terms more favorable to the Wolffs than the Town would accept. While we will not specu-

748

.late on whether such a settlement is likely to occur, we accept that the claims alleging constitutional violations may divert the County's attention and resources from the defense of the certiorari review of the board of adjustment decision. The Town, therefore, may be in a position to defend the board's decision more vigorously than the County itself.[2]

■

Second, the Town may have more at stake than the County should the Wolffs secure a reversal of the board of adjustment decision. As discussed above, the Town has substantial responsibility for the well-being of the residents and property within its boundaries. The Town is responsible for arranging for and funding services such as fire protection, ambulance service, and law enforcement, even if the Town does not itself directly provide these services. We conclude that the Town's interests in the Wolffs' suit are significantly different from the interests of the County. Accordingly, we conclude that the Town has made the minimal showing required under § 803.09(1), STATS., that its

[2] Although the Town does not raise the issue, we note that the Grant County Corporation Counsel appeared in this action "on behalf of Grant County, Grant County Board of Adjustment and Grant County Planning and Zoning Committee," all of whom are named as parties. The positions of these three entities may not be entirely congruent, especially in light of the fact that the board of adjustment reversed the zoning committee's initial decision to grant the permit. Although the planning and zoning committee apparently later withdrew its approval, the fact that three separate county entities with potentially divergent interests are parties to the Wolffs' action may also provide cause to question the County's ability to "adequately represent" the Town's interests in the litigation.

interests may not be adequately represented by the County.

## CONCLUSION

Because the Town meets the requirements of § 803.09(1), STATS., it is entitled by right to intervene in the Wolffs' suit against the County. Accordingly, we reverse the decision of the circuit court, and remand for further proceedings, with instruction to grant the Town's motion.

*By the Court.*—Order reversed and cause remanded with directions.